OPINION
{¶ 1} Trey L. Mobley entered a plea of no contest to a charge of carrying a concealed weapon, a fourth degree felony. In return for the plea of no contest, the State dismissed a count *Page 2 
of improper handling of a firearm in a motor vehicle, also a fourth degree felony. The trial court sentenced Mobley to five years of community control sanctions.
 {¶ 2} Mobley appealed, and this court appointed counsel to prosecute the appeal. Appointed appellate counsel filed an Anders brief in accordance with Anders v. California (1967), 386 U.S. 738, wherein counsel represented that after review of the record and the applicable law, he could find no arguably meritorious issues for this court's review.
 {¶ 3} By order of this court's magistrate dated January 24, 2008, we informed Mobley that his appellate counsel had filed an Anders brief and of the significance of an Anders brief. We also invited Mobley to file pro se assignments of error within sixty days of January 24, 2008. As of the rendering of this opinion and final judgment, Mobley has filed nothing with this court.
 {¶ 4} Appointed appellate counsel has suggested the following potential assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S GUILTY PLEA ON THE BASIS OF HIS ADMISSION WHERE SUCH AN ADMISSION WAS NOT MADE KNOWINGLY AND VOLUNTARILY AND INTELLIGENTLY AND THEREBY VIOLATED HIS RIGHTS AFFORDED HIM UNDER THE CONSTITUTION OF THE UNITED STATES AND OF THE STATE OF OHIO."
 {¶ 6} In support of this assignment of error, appellate counsel contends that the record reflects that Mobley did not affirmatively answer the trial court's question concerning his understanding of the nature of the charges against him and that he did not affirmatively answer when the trial court asked him whether he understood the maximum fine that could be imposed. *Page 3 
He claims that although the written transcript of the plea proceeding indicates that he "nodded in affirmative" to these questions, a review of the videotape of the proceeding demonstrates that he did not do so.
 {¶ 7} We have examined the videotape of the proceeding, and we believe that the transcript does show affirmative nods to questions that were not verbally responded to although the nods are very subtle. We are thus satisfied that the videotape does not discredit the court reporter's reporting affirmative nods. Furthermore, after review of the entire transcript of the plea proceeding and the videotape thereof, we find no basis to believe that Mobley's plea was not knowingly, voluntarily, or intelligently made.
 {¶ 8} Pursuant to our responsibilities under Anders, we have independently reviewed the entire record of the proceedings in the trial court and, having done so, we agree with the assessment of appointed appellate counsel that there are no meritorious issues for our review, and we conclude that this appeal is entirely frivolous.
 {¶ 9} Accordingly, the judgment will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1